UNITED STATES of America ex rel. Isaac BARR by Missouri Johnson, Petitioner,

v.

Stanley RESOR, Secretary of the Army, Washington, D. C., Respondent.

No. 107–69.

United States District Court District of Columbia.

Sept. 23, 1969.

Daniel Rein, Washington, D. C., for petitioner.

Mary E. Folliard, Asst. U. S. Atty., Washington, D. C., for respondent.

## MEMORANDUM OPINION

WADDY, District Judge.

This case comes before the Court on a petition for a writ of habeas corpus. For the most part, the facts are not in dispute. Petitioner, Isaac Barr, was inducted into the Army on September 5, 1968. He is currently serving in Viet-Nam. He seeks release from the Army on the ground of conscientious objection. His application for discharge was processed in Viet-Nam in accordance with applicable Army Regulations and two army chaplains, a psychiatrist, a social work officer and another army officer who had been specifically designated to interview the petitioner and consider the merits of his claim unanimously found that Barr was sincere in his beliefs; that he was a conscientious objector and entitled to be discharged from the Army under the provisions of AR 635–20. Petitioner's application for discharge, with the supporting data and the above-mentioned findings, were forwarded by Barr's commanding officer to the Department of the Army in Washington, D. C., with a recommendation that the application be approved and petitioner discharged as a conscientious objector. On July 23, 1969, the Army Conscientious Objector Review Board denied the application under Army Regulation 635–20, paragraph 3(b)2, on the ground that the application was based solely on conscientious objection claimed and denied by the Selective Service System prior to induction.

I

At the outset this Court is confronted with the problem of jurisdiction of subject matter. The respondent, both at the hearing and in its memoranda, argued forcefully that this court is without jurisdiction because the petitioner has failed to exhaust the administrative remedy of appeal to the Army Board for Correction of Military Records. This Court recognizes that a conflict of authority exists between the Ninth Circuit and the Fourth Circuit in regard to the question of exhausting such possible remedy. The Ninth Circuit in Craycroft v. Ferral, 408 F.2d 587 (9th Cir. 1969), held that the petitioner in that case was obliged to appeal to the Army Board for Correction of Military Records prior to seeking judicial relief to secure his release. The Fourth Cir-

cuit when presented with the identical issue in United States ex rel. Brooks v. Clifford, 409 F.2d 700, 701 (4th Cir. 1969), held that such an appeal is not a prerequisite to seeking relief in a habeas corpus action. (Accord: United States ex rel. Tobias v. Laird, 413 F.2d 936 (4th Cir. 1969). Followed in United States ex rel. Healey v. Beatty, 300 F.Supp. 843, (S.D.Ga.1969)). This Court, of course, recognizes the vitality and customary necessity of the doctrine of exhaustion of administrative remedies. However, this doctrine should not be applied where special circumstances exist which militate against its application.[1] The Court notes that petitioner has less than a year remaining before he will be entitled to release from the Army. His tour of duty might well terminate before any determination of his appeal. The Court also notes that the petitioner sought to have his application for discharge processed at Fort Lewis, Washington, before being shipped to Viet-Nam but was frustrated in that effort. More importantly, however, if petitioner is being detained illegally then each passing day constitutes a violation of his rights. Upon consideration of the operative facts in this case this Court chooses to follow the view enunciated by the Fourth Circuit and finds that it does have jurisdiction of the subject matter.

## II

■ The second major issue in the instant case is whether the Army had a basis in fact for denying the discharge application of petitioner. In resolving this issue it is necessary to examine the evidence contained in petitioner's Selective Service file, the military records filed in this case, and certain provisions of Army Regulation 635–20, dated January 22, 1969.

The Selective Service File reflects that Barr registered with his local draft board in Florence, South Carolina, on June 19, 1961. At that time he did not claim to be a conscientious objector. He was ordered to report for a physical examination on April 1, 1964 and he was found not qualified for military service. On January 5, 1967 Barr was reclassified 1A. In two letters, one dated January 9 and the other dated January 10, he sought to appeal this reclassification on two grounds: (1) that he was medically unfit; and (2) that his dependents (mother and wife) would experience hardship. The letter of the 10th also contains his first indication of his *"new"* religious beliefs in the "Moslem" faith. On January 17, 1967 Barr completed a Dependency Questionnaire in which he stated "I am a conscientious objector." Sometime between January 20, 1967 and January 31, 1967 Barr completed SSS Form No. 150 wherein he applied for conscientious objector status. He sought exemption from combatant training and service only. At various places on the form he stated "I believe in Allah, the Supreme Being for Muslims." "I attended the Mosque on Madison Street, Brooklyn, New York for the past 3 years." "Force is not justified by this Government. I do not believe in killing anyone on behalf of the United States." "I have never been in any fight or quarrel since becoming a Muslim." He did not fill out that portion of SSS Form 150 which asked "Are you a member of a religious sect or organization?"

On February 2, 1967 Barr's local board denied his request for hardship dependency, as well as the claim based on conscientious objection. Of this latter claim the Board stated: "* * * Not enough information in 150 to determine his status". He then appealed to his State Board. On this appeal Barr was interviewed on December 6, 1967, by a Hearing Officer for the Department of Justice who found that he was not sincere in his belief. He also stated that Barr's connection with the Muslims was "most recent and incomplete" and

---

1. Cf. Ogden v. Zuckert, 111 U.S.App.D.C. 398, 298 F.2d 312 (1961); Sohm v. Fowler, 124 U.S.App.D.C. 382, 365 F.2d 915 (1966).

recommended denial of the claim. In accordance with the recommendations of the hearing officer and that of the Chief of the Conscientious Objector Section, the Appeal Board denied Barr's request for conscientious objector status. In reported the findings of this hearing officer along with his conclusions and recommendations to Barr's Appeal Board, the Chief of the Conscientious Objector Section of the Department of Justice stated:

" * * * The registrant stated that he was 'born a Baptist' but that he has been attending meetings with the Muslims approximately once a month since 1965. He added that he was not yet a member of said group but expected to become a member in January of 1968. The registrant explained that members of the Muslim faith claim that 'the precepts of the faith are against war except in self-defense in the event the United States were invaded by some foreign power.' The Hearing Officer noted that further questioning of the registrant's use of the word 'invasion' brought out his belief that the United States policy in Vietnam constitutes an invasion of said country, adding his opinion that the registrant really was objecting to the United States policy in Vietnam more than he was to fighting, as such. The registrant stated, however, that he 'thinks' he would take the same position with reference to military service if we were not involved in Vietnam * * *."

Between the date of said denial and September 5, 1968, when he was inducted, Barr wrote letters to his Selective Service Board in which he expressed his conscientious objection. However, on the date of his induction Barr did not claim that he was a conscientious objector. He did not refuse induction nor did he bring habeas corpus proceedings after induction.

So far as the evidence in this case reveals Barr made no further claim of conscientious objection until March 11, 1969, just prior to being shipped to Vietnam. He filled out the application for conscientious objector status while at Fort Lewis, Washington, but it was not processed prior to his being shipped out on March 17, 1969. On April 6, 1969, after his arrival in Vietman, Barr again submitted his application for discharge under Army Regulation 635–20 to his commanding officer. In his application for discharge Barr stated:

"After my local board rejected my conscientious objector claim I in good faith accepted induction. My basic training in combat, however, has strengthened my conviction that I cannot participate in war in any form. The surrender of decision to the Army in the area of conscience I can no longer support."

Pursuant to the provisions of the said Regulation the petitioner was interviewed in Vietnam by two Army chaplains and a Hearing Officer. Each of these interviewers, as well as the immediate commanding officer of the petitioner, found that petitioner was sincere in his beliefs as a conscientious objector, and each recommended that petitioner should be discharged. He was also interviewed by an Army psychiatrist and an Army Social Work Officer who also found him to be sincere in his beliefs and cleared him for administrative action under AR 635–20. These recommendations, together with the application of the petitioner, were forwarded to the Adjutant General, Department of the Army, Washington, D. C., and were considered by the Army Conscientious Objector Review Board.[2]

On July 23, 1969, the Board denied the application on the basis of Par 3(b)(2) of AR 635–20, on the ground that petitioner's present claim was "based solely on conscientious objection claimed

---

2. AR 635–20, 3(d) states: Final determination on all requests for discharge based on conscientious objection (to include those listed in *b* above) will be made at Headquarters, Department of the Army.

and denied by the Selective Service System prior to induction."

In his amended petition petitioner contends that his detention, restraint and custody is unlawful because he is a conscientious objector within the meaning of Army Regulation 635–20, and is accordingly exempt from service in the Army. Army Regulation 635–20 provides in relevant parts as follows:

"3. Policy. a. Consideration will be given to requests for separation based on bona fide conscientious objection to participation in war, in any form, when such objection develops subsequent to entry into the active military service.

b. Federal courts have held that a claim to exemption from military service under Selective Service laws must be interposed prior to notice of induction, and failure to make timely claim for exemption constitutes a waiver of the right to claim. *However, claims based on conscientious objection growing out of experiences prior to entering military service, but which did not become fixed until entry into the service, will be considered.* Requests for discharge after entering military service will not be accepted when—(emphasis supplied).

\* \* \* \* \* \*

(2) Based *solely* on conscientious objection claimed and denied by the Selective Service System prior to induction. (emphasis supplied).

\* \* \* \* \* \*

c. All requests for discharge based on conscientious objections will be considered on an individual basis in accordance with the facts and special circumstances in a particular case."

Respondent contends that petitioner's application for discharge was properly denied by the Army authorities because said application falls squarely within § 3(b) (2) of the cited regulation, in that his present claim is based *solely* on conscientious objection claimed and denied by the Selective Service System prior to induction. If this contention is accepted by this Court then it would appear that there was a basis in fact to support the Army's denial of petitioner's application. However, petitioner asserts that the claim upon which his application for discharge is based is not the same claim that was denied by the Selective Service Board. In support of this contention petitioner points to the fact his initial claim based on religious beliefs was denied on the ground that petitioner's connection with the Muslim religion was "most recent and incomplete." In further support petitioner cites the Selective Service Board's finding that he did not possess the requisite "sincerity" to justify re-classification to conscientious objector prior to induction. However, there seems to be no dispute that petitioner is presently sincere, and was so at the time the present application for discharge was initiated. The evidence before the Army Conscientious Objector Review Board was that petitioner was sincere in his beliefs. There was *no* evidence to the contrary. There was also uncontradicted evidence that this new conviction is based on the combination of petitioner's religious beliefs formed in the past and the result of the experience gained from combat training subsequent to induction which "strengthened" his convictions. This combination represents then, not the same claim which was considered by the Selective Service Board, but rather, it represents a different claim, albeit based in part on the unmatured religious beliefs which petitioner presented in support of the initial claim but which became fixed after entering the service. Thus, it is obvious that the Army Conscientious Objector Board failed to follow its own regulations and erred when it denied petitioner's application *solely* on conscientious objection claimed and denied by the Selective Service System prior to induction. The Selective Service System never had before it petitioner's sincere claim based on conscientious objection growing out of experiences prior to entering military service and which became fixed after entering military serv-

ice. Accordingly the finding of the Army Conscientious Review Board has no basis in fact and its decision is arbitrary and capricious.

This Court therefore concludes that petitioner should be released in accordance with Army Regulation 635–20. The issuance of the writ shall be stayed a reasonable time to allow the Army to properly discharge the petitioner.