**UNITED STATES of America ex rel. Private Michael P. HEALY, US 54670400, 547th Medical Company, United States Army, Fort Stewart, Georgia, Petitioner-Appellee,**

v.

**George S. BEATTY, Jr., Brigadier General, United States Army Commanding General, Fort Stewart, Georgia, Stanley R. Resor, Secretary, United States Army, Respondents-Appellants.**

No. 28516

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 7, 1970.

Richard C. Chadwick, Asst. U. S. Atty., R. Jackson B. Smith, Jr., U. S. Atty., for appellants.

Bobby L. Hill, Savannah, Ga., Peter E. Rindskopf, Howard Moore, Jr., Atlanta, Ga., for appellee.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

■ This appeal is taken from an order of the district court[1] granting habeas corpus relief to petitioner-appellee, who successfully claimed in the court below that the Army wrongfully denied his application for discharge from the service as a conscientious objector. We affirm.[2]

I

Private Michael P. Healy was inducted into the United States Army on June 17, 1968. Prior to induction, Private Healy sought and obtained a I–A–O classification of conscientious objector[3] from his local draft board.

In his application for I–A–O status, Private Healy indicated his previous Catholic upbringing and the inimicality of the objectives of war to his sincerely held religious convictions.[4] However, he did state that "If I do go into the armed forces, I will be willing to be a medic in Vietnam. That seems to me to be the one worthwhile thing to do in this situation." At this time, Private Healy apparently felt that non-combatant service with the Medical Corps would pose no conflict with his beliefs and religious training.

After assignment to basic training at the United States Army Medical Training Center in Fort Sam Houston, Texas, Private Healy came to view his non-combatant duty in the Medical Corps in a different light. In his own words, he stated:

The first day of training the Commanding Officer of MTC, in explaining his position to the new trainees, said, 'I am a soldier first and a doctor second.'[5] And it is stressed in our own training that the medic is to be a soldier first and only then a medic. * * * [B]ut the very structure of the job makes the medic contribute importantly to the killing. The motto of the Army Medical Department is To Conserve Fighting Strength, and this is the heart of the matter. * * * In the field, in sick call, in sanitation suggestions, in everything he does, the medic prepares the men to fight more effectively. And when they are wounded, he is to patch them up as soon as possible so they can get back to the front to fight and kill again. The paradox of the medical service in the army is that the medic saves lives and relieves pain so that more lives can be lost. I can't help but believe there is no place in the army, even in the medical corps, for one who conscientiously objects to war, because the army has made healing its instrument of

1. 300 F.Supp. 843 (S.D.Ga.1969).

2. Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969) and Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969).

3. "In class I-A-O shall be placed every registrant who would have been classified in class I-A but for the fact that he has been found, by reason of religious training and belief, to be conscientiously op-

posed to combatant training and service in the armed forces." 32 C.F.R. § 1622.11.

4. The sincerity of Private Healy's beliefs was never questioned throughout the administrative process of reviewing his application for discharge. A complete statement of the petitioner's religious training and beliefs appears in the opinion of the court below reported at 300 F.Supp. 843 (S.D.Ga.1969).

5. This statement by Healy was claimed to be a misquotation. The actual statement purportedly made by the Commander was, "I am a soldier and a physician."

war and doctors and medics its soldiers.

It was this realization that prompted Healy to apply for I–O classification and discharge from the United States Army as a conscientious objector to both combatant and non-combatant service.[6]

Pursuant to Army Regulation 635–20, the petitioner was examined by a psychiatrist and found to have no psychiatric disorder. He was next interviewed by a Chaplain who stated, "I am convinced he is sincere and has a religious basis for his request." Notwithstanding the Chaplain's observations, Healy's post-induction application for discharge was denied on various grounds, including—(1) that his objections were based on his own philosophical views; (2) that his beliefs constituted merely a personal moral code, and finally, the ground upon which the Secretary of the Army relied; (3) that there was no evidence to show a substantial change in his religious beliefs subsequent to his classification of I–A–O as a non-combatant.

## II

At the outset, the respondents challenged the jurisdiction of the district court to entertain Healy's petition contending that he did not exhaust his military remedies before seeking civil relief since he failed to appeal the denial of his application for discharge to the Board for Correction of Military Records. This issue, however, was not pursued on appeal due to a change in Department of Justice policy. Rather than foreclose the jurisdictional issue on this basis, since jurisdictional defects cannot be waived by the parties, we consider it together with appellants' other contention that the district court improperly applied a substantial evidence test rather than the "no basis in fact" standard for review of military habeas corpus matters.

This court recently had occasion to review the identical jurisdictional question here presented as well as a fact situation nearly parallel with that of the instant case.[7] We consider our decision in Pitcher v. Laird to be dispositive of the issues herein presented.

Regarding the jurisdictional question, this court in *Pitcher* stated:

We agree with the Fourth and Second Circuits that where neither court-martial nor military justice procedures are pending, an unsuccessful applicant for post-induction conscientious objector discharge does not have to appeal to the Board for Correction of Military Records in order to exhaust his available administrative remedies. [at p. 1276 and cases there cited].

Healy, as Pitcher, had no court-martial nor military justice procedures pending at the time of denial of his application for discharge and, as such, he was not required to appeal to the Board for Correction of Military Records in order to exhaust his available administrative remedies. We agree with the district court that Private Healy has exhausted his administrative remedies and his petition was properly before that court.

The distinguishing feature between *Pitcher* and *Healy* is that in the former, Pitcher voluntarily enlisted without claiming conscientious objector status while in the latter, Healy sought and obtained a I–A–O conscientious objector classification prior to induction. We do not feel that this difference, ipso facto, compels a different result.

Both Pitcher and Healy entered the Army in the Medical Corps; both subsequently found that service in the medical corps was not compatible with their religious beliefs and training and both applied for discharge on conscientious objector grounds. The application for discharge of each was disapproved, but for different reasons. In *Pitcher,* the Army denied the request for discharge on the ground that Pitcher's claim was

---

6. In his application for discharge, Healy indicated his willingness to perform civilian work under the Selective Service Conscientious Objectors' work program.

7. Pitcher v. Laird, 5th Cir. 1970, 421 F.2d 1272.

based on a personal moral code and not upon religious beliefs. In the instant case, the Army's denial of Healy's request for discharge was based on the ground that there was no evidence to show a substantial change in his religious beliefs subsequent to his classification of I–A–O as a non-combatant.

 However, as the court below recognized, the Army's basis for denial of Healy's request seems to be founded in waiver, for there is nothing in the Statute, the Regulations or the decisional law which requires a substantial change in religious beliefs subsequent to classification as I–A–O in order to present a valid claim for discharge on conscientious objector grounds.

Army Regulation 635–20 § 3(a) provides that:

> Consideration will be given to requests for separation based on bona fide conscientious objection to participation in war, in any form, when such objection develops subsequent to entry into the active military service.

This does not mean that the religious belief upon which the objection is based must manifest itself only subsequent to entry on active duty but rather, the objection itself must so manifest itself and not exist prior to entry on active duty. This conclusion is aptly illustrated in the subparagraph following the above quoted language where it is stated:

> [C]laims based on conscientious objection growing out of experiences prior to entering military service, but which did not become *fixed* until entry into the service, will be considered. A.R. 635–20 § 3(b) (emphasis supplied)

That this was the circumstance in Private Healy's case is clearly demonstrated by the evidence adduced in the court below.

In treating the question of waiver, the district court noted that the Army will not accept nor consider requests for discharge "Based solely on conscientious objection which existed, but which was not claimed prior to induction" or "Based solely on conscientious objection claimed and denied by the Selective Service prior to induction." A.R. 635–20 § 3(b) (1) and (2). The court properly concluded that Private Healy's claim did not fit into either of the two abovementioned categories, for "[H]e not only claimed exemption as a conscientious objector but received such a classification." 300 F.Supp. at 849.

 Appellants' contention that the district court exceeded its scope of review is without merit. Implicit within the "no basis in fact" standard of review for military habeas corpus matters is the presupposition that the proper legal standard is applied; in this case, the applicable Army Regulations. The district court concluded that the Army's basis for disapproving the petitioner's application for discharge had no foundation in law, and ordered the petitioner discharged.

No error appearing, the judgment is affirmed.