**Pvt. John D. AQUILINO, Jr.**

v.

**Melvin LAIRD, as Secretary of Defense, et al.**

**Civ. A. No. SA70CA149.**

United States District Court,
W. D. Texas,
San Antonio Division.

Aug. 4, 1970.

Maury Maverick, Jr., Maverick & Tynan, San Antonio, Tex., Gerald H. Goldstein, Levey & Goldstein, San Antonio, Tex., for plaintiff.

Seagal V. Wheatley, U. S. Atty., Hugh Patrick Shovlin, Asst. U. S. Atty., San Antonio, Tex., for defendants.

## MEMORANDUM OPINION

SPEARS, District Judge.

In his petition for a writ of habeas corpus the petitioner alleges that he is in the custody of respondents contrary to law; that disapproval by the Army of his application for discharge as a conscientious objector on March 27, 1970 has no basis in fact, is arbitrary and capricious, is based upon a misinterpretation and misapplication of the law, regulations and evidence, is a denial of due process, and is in violation of Army Regulation 635–20 and Section 6(j) of the Military Selective Service Act as amended.

Petitioner's application for discharge pursuant to AR 635–20, was made on or about January 19, 1970. In support of the disapproval, the Review Board gave the following reasons: (1) Petitioner's beliefs became fixed prior to his entry into the active military service, and (2) Petitioner is opposed to a particular war rather than conscientiously objecting to war in general.

As to the first reason submitted by the Review Board, AR 635–20(3) (a) (b) states in part as follows: (a) "Consideration will be given to requests for separation based on bona fide conscientious objection to participation in war, in any form, when such objection develops subsequent to entry into the active military service." (b) "Federal courts have held that a claim to exemption from military service under Selective Service laws must be interposed prior to notice of induction, and failure to make timely claim for exemption constitutes waiver of the right to claim. However, claims based on conscientious objection growing out of experiences prior to entering military service, but which did not become fixed until entry into the service, will be considered. * * *"

Petitioner contends that he has not waived his right to request a reclassification for I–O, inasmuch as his claim is not covered by AR 635–20(3) (b) (1) (2) which states: "Requests for discharge after entering military service will not be accepted when—(1) Based solely on conscientious objection which existed, but which was not claimed prior to induction, enlistment, or entry on active duty or active duty for training; (2) Based solely on conscientious objection claimed and denied by the Selective Service System prior to induction."

On May 20, 1970, this Court held that while there was no basis in fact for the finding by the Review Board that petitioner is opposed to a particular war

rather than to war in general, there was a basis in fact for the finding that petitioner's beliefs became fixed prior to his entry into the active military service, and concluded, therefore, that petitioner was not entitled to the writ. A motion for new trial was denied on June 3, 1970.

While petitioner's appeal to the Court of Appeals was pending, the Supreme Court decided Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (June 15, 1970), and on June 24, 1970, this case was remanded by the Court of Appeals (429 F.2d 573 (5th Cir. 1970)) in the following language:

> The record discloses that the question whether appellant's views had a religious basis was necessarily intertwined in the larger question of a change in views subsequent to induction. The decision of the Supreme Court in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (Decided June 15, 1970), supervened the decision of the district court. We conclude that the matter should be reconsidered by the district court in light of Welsh v. United States. The judgment will be vacated and the case remanded to the district court for that purpose.

Having again fully considered the question whether petitioner's beliefs had a religious basis, which the Court of Appeals has said was intertwined in the "larger question" whether there was a basis in fact for the Review Board's decision that his beliefs became fixed prior to his entry into the active military service, the conclusion is now reached that in light of the remand to this Court and the additional guidelines set forth in *Welsh*, there was no basis in fact for the action of the Review Board in denying petitioner's application for discharge from the Army, and the petitioner is entitled to the writ he seeks.

In his application for a I–A–O classification, petitioner made the following statement:

> "God's call is a call to life. Life is that which gives meaning to all else. To work in any way other than for the perpetuation of life is to work contrary to the call of God. * * * To kill is to act against all that is valuable and moral. Because the call is a personal one and stresses the importance of the individual's decisiveness and action, the individual when confronted by the choice between the declarations of the administrative aspect of his society and his own perception of correct action must not violate his own conscience. To do otherwise would be against the command of God—that man accept his own personal and social responsibility as expressed in decision and action. It would be a yielding of his own responsibility and a consequent denial of humanity. The social structure most conducive to the achievement of fuller human existence is one which will not ask nor force its participants to engage in actions not compatible with their personal understanding of correct action."

When he applied for a discharge from active military service, petitioner stated that he did not realize his service as a non-combatant was a violation of his views until after he had experienced military service. In this connection, he said:

> Prior to induction into the service, I felt that by serving as a medic I could comply with the dictates of my conscience and with those of my country. Since that time, as a result of my experiences in the Army and better understanding of the Army, I have become convinced that this is a false belief. I am convinced that a true conscientious objector cannot in good conscience serve in the Armed Forces. My present awareness of the professed function of all who are participant within the Army—medic or clerk— * * * is to work for the achievement of the mission of the Army, and as I believe this mission is to wage war, which I believe to be immoral and detrimental to the sanctity of life, then I cannot in conscience remain affiliated with the machinery of war.

In essence, there was agreement among the interviewing officers, as well as the members of the Review Board, that petitioner's "professed beliefs" had not changed subsequent to his induction, but it is reasonable to assume from the record that their apparent reluctance to give credence to petitioner's "self-serving declaration" that any service in the military violated his views, was influenced to a significant degree by the Chaplain's opinion that while petitioner was "sincere in his beliefs" the nature of those beliefs was "personal and philosophical rather than religious". As a consequence, petitioner was unable to convince the Review Board than his beliefs were now any different that those which prompted his request for I–A–O classification. However, as we have learned from a reading of *Welsh*, in view of the fact that the I–A–O classification was granted, petitioner's beliefs could no longer be considered "essentially political, sociological or philosophical", or "a merely personal moral code", and that, in any event, personal and philosophical beliefs do not necessarily bar one from "the category of persons who are conscientious objectors 'by religious training and belief'", nor do such beliefs necessarily detract from the sincerity of one's convictions. As the Supreme Court said:

> If an individual deeply and sincerely holds beliefs which are purely ethical or moral in source and content but which nevertheless impose upon him a duty of conscience to refrain from participating in any war at any time, those beliefs certainly occupy in the life of that individual 'a place parallel to that filled by * * * God' in traditionally religious persons. Because his beliefs function as a religion in his life, such an individual is as much entitled to a 'religious' conscientious objector exemption under § 6(j) as is someone who derives his conscientious opposition to war from traditional religious convictions * * *. That section exempts from military service all those whose consciences, spurred by deeply held moral, ethical, or religious beliefs would give them no rest or peace if they allowed themselves to become a part of an instrument of war.

From the foregoing, it follows that petitioner's assertion that his objection [1] to participation in war, in any form, did not become fixed until after his induction, is entitled to greater credence when the words "personal and philosophical", as applied to his beliefs, are not given a restrictive interpretation. A re-evaluation of this case, therefore, pursuant to Welsh standards, leaves the record virtually without anything of substance to refute petitioner's claim,[2] and brings the facts of this case sufficiently close to those in Healy, supra, footnote 1, and Rautenstrauch v. Secretary of Defense,

1. The Court of Appeals said in United States ex rel. Healy v. Beatty, 424 F.2d 299 at 302 (5th Cir. 1970): "This does not mean that the religious belief upon which the objection is based must manifest itself only subsequent to entry on active duty but rather, the objection itself must so manifest itself and not exist prior to entry on active duty."

2. In the order dated May 20, 1970, this Court pointed out what was then thought to be distinctions between this case and United States ex rel. Healy v. Beatty, D.C., 300 F.Supp. 843, affirmed 424 F.2d 299 (5th Cir. 1970), saying among other things: "It is significant that the Chaplain in Healy attested to the fact that Healy was sincere and had a religious basis for his request. However, the Chaplain in the instant case said: 'I feel that he is sincere in his beliefs but the nature of his beliefs are personal and philosophical rather than religious.'" The Chaplain's impression originally considered adverse to petitioner in determining the sincerity or validity of his claim, is not nearly so significant in light of Welsh, particularly since petitioner stated his beliefs with apparent sincerity and there is no indication that his demeanor appeared shifty or evasive, or that his appearance was one of unreliability. As a consequence, distinctions attempted to be drawn between this case and Healy are now relatively unimportant and leave insufficient objective acts in the record to support the action of the Review Board. See Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955);

313 F.Supp. 170 (W.D.Tex.1970), decided by the Court on May 20, 1970, to warrant the granting of the writ.

With respect to the disapproval by the Review Board of petitioner's request pursuant to AR 635–20(3) (b) (4), which states in part, that requests for discharge after entering military service will not be accepted when based on objection to a particular war, an examination of the record reveals that the petitioner in the instant case, has participated in demonstrations for racial equality, in peace marches (one of which was shown to be an anti-Vietnam demonstration), and in the 1968 presidential campaign of Senator Eugene McCarthy, which involved opposition to the Vietnam war; however, this does not, in and of itself, constitute a basis in fact for a finding that petitioner is opposed to a particular war, to wit, the Vietnam war, rather than all wars. As a matter of fact, in his application for I–O classification petitioner asserts that he "cannot make a decision affirming in any way war", and that "war is immoral". Thus, he did not confine his objection to any one war. To be against all wars requires that one must be against any war, including the one being fought at a particular time. " * * * Disapproval of a war in Vietnam or any other place is consistent, rather than inconsistent with conscientious objection to armed conflict." Kessler v. United States, 406 F.2d 151 (5th Cir. 1969). In this connection, it is interesting to note that, insofar as this record is concerned, petitioner has never been asked the direct question whether his objection is limited to a particular war. His voluntary statements have been to the contrary.

Similarly, the fact that petitioner was placed on alert to Vietnam, does not

necessarily support the hearing officer's conclusion that the petitioner had been motivated by his objection to the specific war in Vietnam, rather than from truly held religious conscientious objection to participation in war in any form.

The conclusion in this Court's order of May 20, 1970 that there is a basis in fact for the finding of the Review Board that petitioner's beliefs became fixed prior to his entry into the active military service is set aside and the petition for writ of habeas corpus is granted; provided, however, the granting of this writ shall be without prejudice to further draft board proceedings with respect to petitioner as a Selective Service registrant, which are not inconsistent with this opinion or the Selective Service laws.

Said orders of May 20, 1970 and June 3, 1970 are withdrawn and this memorandum opinion is substituted in lieu thereof.

---

United States v. St. Clair, 293 F.Supp. 337, 344 (E.D.N.Y.1968) ; and Owens v. Commanding General, 307 F.Supp. 285 (N.D.Cal.1969), all of which seem to hold that while the applicant bears the burden of establishing a *prima facie* claim, once this is done (and it may take the form of a self-serving declaration untainted by

lack of sincerity) the burden should shift to the Army to show something in the record supporting a denial of the claim. That standard was recognized by this Court in Rautenstrauch v. Secretary of Defense, 313 F.Supp. 170 (W.D.Tex. 1970).