Private George C. LaMANNA, Jr.

v.

Melvin LAIRD as Secretary of Defense, Stanley Resor, as Secretary of the Army, Lieutenant General Harry Critz, as Commanding General Fourth Army, Colonel Foster McCaleb, as Commanding Officer of the United States Army Medical Training Center, Fort Sam Houston, Texas, Major Walter H. Keim, as Commanding Officer of the Second Battalion, U. S. Army Medical Training Center, Fort Sam Houston, Texas, and First Lieutenant Charles H. Tatum, as Commanding Officer of Company "A", Second Battalion, U. S. Army Medical Training Center, Fort Sam Houston, Texas.

Civ. A. No. SA-70-CA-441.

United States District Court,
W. D. Texas,
San Antonio Division.

Jan. 29, 1971.

**1290**

Maury Maverick, Jr., Maverick & Tynan, San Antonio, Tex., for plaintiff.

Seagal V. Wheatley, U. S. Atty., Hugh Patrick Shovlin, Asst. U. S. Atty., San Antonio, Tex., for defendants.

### MEMORANDUM OPINION

JOHN H. WOOD, Jr., District Judge.

In this Petition for Habeas Corpus, the Petitioner alleges that he is presently stationed at Fort Sam Houston in Company "A", Second Battalion, U. S. Army Medical Training Center, where he is unlawfully restrained and deprived of his liberty by the Respondents because the Department of the Army denied his request to be discharged from the United States Army as a 1–0 Conscientious Objector.

Prior to his induction into the Army, the Petitioner had been classified as 1–Y. He was later classified as 1–A. Petitioner appealed the reclassification which was denied by the State Board Director of Selective Service.

On April 3, 1970, the Petitioner was inducted into the Army and on May 7, 1970 he applied for 1–A–0 non-combatant status. After a hearing and review by the Military Board of Review at Fort Bragg, Petitioner's application for 1–A–0 classification was granted. On July 15, 1970, he applied at the same station for 1–0 classification on the ground that he was opposed to war in any form. On September 8, 1970, the Military Review Board denied this application and on September 27, 1970 the Petitioner was transferred to Fort Sam Houston, Texas.

In denying Petitioner's application on the grounds that he "is not opposed to participation in war in any form", the Board stated that he failed to show that "his beliefs have changed from Conscientious Objection to bearing arms (1–A–0) to Conscientious Objection to participation to war in any form (1–0)".

■ When the case went to trial on January 27, 1971, the Court ordered that Petitioner's application for 1–A–0 classification be made part of the record in this case, to which action of the Court both Petitioner and Respondents objected, the latter in writing by Motion for Modification of Order.

On January 29, 1971, when the hearing on the Petition was resumed, the Court in overruling the objections ordered the entire record in connection with the Petitioner's 1–A–0 classification made part of the record to be considered by the Court along with the record of the Board on the 1–0 application.

It must be carefully observed that the Military Review Board at Fort Bragg in connection with both applications consisted of the same members except that Colonel William R. Condos, who was one of the 1–A–0 interviewers, was replaced by Col. V. W. Lang, who acted in the 1–0 hearing.

The following quoted portions from the Board in the 1–0 record lead one to the inescapable conclusion that the Board was considering and relying heavily on the 1–A–0 record as follows:

(1) The following quotations are taken from the opinion of the Board in the 1–0 record:

"He now requests discharge, i. e. 1–0 status. In order to qualify for

such a discharge, he bears the burden of showing that his beliefs have changed from conscientious objection to bearing arms to conscientious objection to participation to war in any form. LaManna fails to show how his beliefs have in fact changed."

"He fails to show any experience occurring since his entry into military service which has caused him to re-evaluate his position and conclude that he cannot serve in the Army as a non-combatant. In the absence of such a showing, it must be assumed that his beliefs are as they were at the time he was granted 1–A–0 status by the Department of the Army."

(2) See also the following quotation from III, Participation in Organizations, Sec. a, Paragraph 3, of Pvt. LaManna's Personal History and Statement, as follows:

"I filed for non-combatant status because I was at first convinced that I could discharge my required duties in good conscience. From the first week of training, I was treated as though I had already been assigned the 1–A–0 status. But the experiences of the past three and one-half months have provided me with countless instances which challenged the religious beliefs upon which my CO status was based."

(3) See Summary Sheet for Review of Conscientious Objector Application, #24 Remarks, as follows:

"Applicant now holds classification of 1–A–0. He finds that his military experiences have challenged his beliefs and as a result they have deepened. He is not able to reconcile his beliefs with further participation in the military."

(4) See the statement of Edward J. Collins, Colonel, Infantry, Commanding, as follows:

"Pvt. LaManna was granted 1–A–0 status which I previously supported and still concur in such classification. I do not feel that further reclassification as 1–0 is warranted."

(5) The statement of Col. V. W. Lang, Colonel, Armor, Commanding, also contained in the 1–0 record, states:

"An interview with Pvt. LaManna (with counsel) revealed no significant information over what is already known concerning his 1–A–0 classification to support his current request for discharge as a conscientious objector. The only added intelligence derived from the interview is that Pvt. LaManna now feels that he does not wish to perform any service in the uniform of the United States Army."

(6) Finally, the statement of Pvt. Jimmy Hill which is contained in a letter made part of the 1–0 record reads as follows:

"His classification as 1–A–0 is not satisfactory because his beliefs have expanded and deepened."

In Aquilino v. Laird et al. (D.C., Western District of Texas, 1970) 316 F. Supp. 1053, which was remanded by the Fifth Circuit Court of Appeals for reconsideration by the Trial Court in view of the holding in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308, 1970, the Trial Court received in evidence the Selective Service file, though not formally made part of the record before the Military Review Board under circumstances similar to those existing here. The alleged error of the Trial Court in admitting the Selective Service Board's record on the 1–A–0 application was not disturbed by the Fifth Circuit in this case. 429 F.2d 573 (5th Cir., 1970).

Since the Board relied on the prior 1–A–0 record, it will be considered in this case.

In United States ex rel. Healy v. Beatty (D.C., Southern District of Georgia, 1969) 300 F.Supp. 843, the Court, in sustaining the application of Petitioner for 1–0 classification, fully considered the record in the 1–A–0 hearing as well

as the record of the Selective Service Board in determining if Petitioner's beliefs had in fact changed.

■ Turning to the merits of the Application for Writ of Habeas Corpus, the statements of Petitioner's training officer, the Chaplain and others who worked with him daily are to the effect that "* * * as a result of basic combat training, LaManna's beliefs had changed * * *". That they "had observed LaManna struggling with his conscience as a result of basic combat training * * * There is no doubt that LaManna is sincere or that LaManna has a great depth to his convictions." In appraising the 1-0 claim, the Chaplain found:

> "In my opinion, Pvt. LaManna's basis of claim for 1-0 is not solely religious training and belief, but largely based upon a personal morale (sic) code against participating in war and violence in any form * * *"

Petitioner's Company Commanding Officer, Capt. William Clark, recommended disapproval of Petitioner's application for 1-0 classification with the following comments:

> "* * * I do not feel his beliefs warrant a discharge for the reason that he has done outstanding work in this unit, and never objected to any work outside of training with a weapon"; and

> "* * * I feel Pvt. LaManna can be utilized in areas not dealing with war or supporting war such as a Chaplain's assistant, a medic, or a Veterinarian's assistant"; and

> "* * * I recommend disapproval * * * I also feel that Pvt. LaManna would have refused to perform his duties quite awhile ago if his religious and personal convictions were against this * * *"

There is no finding or suggestion in the record by the Board or anyone impugning Petitioner's sincerity in contending that he is now opposed to war in any form.

The case of United States ex rel. Healy v. Beatty, supra, is in point. There it was argued that Healy's religious beliefs did not change and did not "develop subsequent to entry into the active military service". In fact, Pvt. Healy conceded this. However, this loses sight of the fact that "the Regulations speak of the development of conscientious objection to the participation in war 'in any form' after induction; that is to say, participation in such noncombatant service as the Medical Corps." Chief Judge Lawrence in the Healy case further says the following:

> "Private Healy is not the judge of what constitutes noncombatant service and I disagree with him in that respect. However, in conscientious objection cases, what counts is what he believes, not what the judge thinks. '* * * those registrants who entertain sincerely held religious opposition to military service are to be classified 1-0 and made subject to civilian service only. The statute does not limit the exemption to those who are "opposed to participation in war in any form" but provides exemption for all who are "conscientiously opposed" to combatant or noncombatant service.' United States v. Carson, D. C., 282 F.Supp. 261 at 269. Private Healy says he is conscientiously opposed to service as a medic. He appears to be sincere in the belief that it is contrary to the religious faith he holds to. There is no substantial basis for any finding to the contrary. (Cf. Crane v. Hedrick, [D.C., 284 F. Supp. 250], supra) and Petitioner is entitled to discharge."

The Fifth Circuit Court of Appeals, in affirming the Trial Court, also observed that the "Army's denial of Healy's request for a discharge was based on the ground that there was no evidence to

show a substantial change in his religious beliefs subsequent to his classification of 1–A–0 as a noncombatant". The Court of Appeals (424 F.2d 299, 1970) held that the belief upon which the objection is based does not have to manifest itself "only subsequent to entry on active duty, but rather the objection itself must so manifest itself and not exist prior to entry on active duty". The Court further said the following:

"This conclusion is aptly illustrated in the subparagraph following the above quoted language where it is stated:

"[C]laims based on conscientious objection growing out of experiences prior to entering military service, but which did not become *FIXED* until entry into the service, will be considered. A.R. 635–20 Sec. 3(b) (emphasis supplied)

"That this was the circumstance in Private Healy's case is clearly demonstrated by the evidence adduced in the court below."

\*   \*   \*   \*   \*   \*

"Appellants' contention that the district court exceeded its scope of review is without merit. Implicit within the 'no basis in fact' standard of review for military habeas corpus matters is the presupposition that the proper legal standard is applied; in this case, the applicable Army Regulations. The district court concluded that the Army's basis for disapproving the petitioner's application for discharge had no foundation in law, and ordered the petitioner discharged."

It is, therefore, ordered that the Petition for Habeas Corpus be granted and that Pvt. George C. LaManna, Jr. is discharged from the custody of the United States Army and from the custody of Respondents. The effective Order is stayed for ten (10) days to permit Respondents to appeal if they so desire.