**UNITED STATES of America ex rel. Isaac BARR by Missouri Johnson**

v.

**Stanley RESOR, Secretary of the Army, Appellant.**

**No. 23815.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 24, 1970.

Decided March 31, 1971.

Miss Mary E. Folliard, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty, were on the brief, for appellant.

Mr. David Rein, Washington, D. C., for appellee.

Before TAMM, LEVENTHAL and WILKEY, Circuit Judges.

PER CURIAM:

Appellee Isaac Barr obtained a writ of habeas corpus from the United States District Court directing his release from Army service on the ground of conscien-

tious objection.[1] The Government seeks reversal, urging error in the District Court's determination that the Army's denial of appellee's request for discharge was without basis in fact.[2] For reasons hereinafter stated, we affirm the granting of the writ.

## I. *Factual Background*

The factual history of this case is stated in appropriate detail in the opinion of the District Court.[3] Accordingly, we limit ourselves here to a recitation of those facts upon which the resolution of this appeal depends.

Appellee Barr sought conscientious objector status from his local Selective Service Board prior to being ordered to report for induction into the Army. His Local Board denied his claim because his SSS Form 150 (Special Form for Conscientious Objector) did not contain "enough information * * * to determine his status." On appeal of this denial to the State Appeal Board, Barr was interviewed, as was then required, by an officer of the Department of Justice who concluded that his professed conscientious objector beliefs were not sincerely held. The officer found that Barr's religious affiliation was "most recent and incomplete" and that Barr "really was objecting to the United States policies in Vietnam more than he was to fighting, as such." He concluded that "the registrant was not sincere in his religious beliefs." Accordingly, the State Appeal Board denied the appeal and directed that Barr's 1–A classification be retained. Barr was then ordered to report for induction, and on 5 September 1968 was inducted into the Army.[4]

After completing basic and advanced infantry training, Barr, while awaiting shipment to Viet Nam, attempted to submit a claim for discharge from the Army on grounds of conscientious objection.[5] The claim was not then processed,[6] but, after Barr's arrival in Viet Nam, was submitted to his commanding officer and processed in accordance with AR 635–20.[7] In this application, Barr admitted that he had made a claim of conscientious objection to his Selective Service Board which had been denied

---

1. The judgment entered by the District Court did not finally discharge appellee from the Army but, in order to avoid any question of mootness and to preserve the Government's opportunity to appeal, only ordered his release from custody. The Government represented that in the event of the judgment being affirmed on appeal, the appellee would formally be discharged from the Army.

2. Whether or not there was a "basis in fact" for the administrative decision is the accepted standard of review in cases challenging the denial of conscientious objector status. Bortree v. Resor, 144 U.S. App.D.C. ——, 445 F.2d 776 (1971).

3. The District Court's opinion is reported at 309 F.Supp. 917 (D.D.C.1969).

4. Although not raised before the District Court, Barr now urges additionally that his release be sustained on the ground that he was over 26 years of age at the time he was inducted. *See* 50 App.U.S.C. § 454(a). The Government in response points out that the induction date as originally ordered was prior to Barr's 26th birthday and that it was only postponed until afterward as a result of Barr's request for transfer of the induction site. The Government urges that Barr consented to the later induction and therefore waived any right to object. Because we affirm the judgment below on other grounds we find it unnecessary to consider this question.

5. Army Regulation 635–20, 22 Jan. 1969, permits the Army to entertain and pass on such claims, and, together with Department of Defense Directive No. 1300.6, 10 May 1968, provides the basic administrative framework for the issue involved in this appeal.

6. The reason that the claim was not processed before Barr's transfer to Viet Nam is unclear; however, there is no indication in the record of any impropriety on the part of the Army. The parties agreed in the District Court to seek a determination of their respective rights based upon the claim as submitted after Barr's arrival in Viet Nam.

7. See note 5, *supra*.

prior to his induction. However, he submitted that:

> My basic training in combat has strengthened my conviction that I cannot participate in war in any form. The surrender of decision to the Army in the area of conscience I can no longer support.

In addition, in explaining his religious training and belief he stated that under his religious beliefs he could not "as a member of the military organization continue service in an organization that has as its responsibilities the killing of others."

Pursuant to AR 635–20 Barr was interviewed by a chaplain, a psychiatrist and "an officer in the grade of O–3, or higher, * * * knowledgeable in policies and procedures relating to conscientious objector matters," all of whom found him to be sincere in claiming conscientious objection based upon religious training and belief. Although not required by the regulation, he was further interviewed by a second chaplain who also found his religious views to be sincerely held. The application was then forwarded through channels to the Department of the Army, approval thereof being recommended by Barr's commanding officer and all intervening commands. The Department of the Army Class I–O Conscientious Objector Review Board, however, denied discharge on the ground that Barr's application was "based solely on conscientious objection claimed and denied by the Selective Service System prior to induction."

## II. *Whether There Was A Basis in Fact for the Denial of Discharge*

Paragraph 3 of AR 635–20 provides, *inter alia*:

3. Policy. *a.* Consideration will be given to requests for separation based on bona fide conscientious objection to participation in war in any form, when such objection develops subsequent to entry into the active military service.

*b.* * * * [C]laims based upon conscientious objection growing out of experiences prior to entering military service, but which did not become fixed until entry into the service, will be considered. Requests for discharge after entering military service will not be accepted when—

(1) Based solely on conscientious objection which existed, but which was not claimed prior to induction, enlistment, or entry on active duty for training.

(2) Based solely on conscientious objection claimed and denied by the Selective Service System prior to induction. * * *

The District Court held that there was no basis in fact for the Board's conclusion that Barr's in-service claim was covered by paragraph 3b(2) as being based solely on his pre-induction claim, since the Board failed to take into account the findings of Barr's present sincerity, and the uncontradicted evidence that exposure to combat training had "strengthened" Barr's beliefs.[8]

---

8. A number of courts have recognized that exposure to combat training can "crystallize" or cause the maturation of previously inchoate conscientious objector beliefs. See, *e. g.,* Stap v. Laird (D.N.J.1970) (3 SSLR 3340); United States ex rel. Confield v. Tillson. 312 F.Supp. 831 (S.D.Ga.1970) (3 SSLR 3149); Hand v. Laird (N.D.Cal.1970) (3 SSLR 3298); United States ex rel. Armstrong v. Wheeler, 321 F.Supp. 471 (E.D.Pa.1970). Appellee's claim that a change of this type occurred here, together with his change from claiming I–A–O to claiming I–O status after receiving combat training, discussed *infra*, distinguishes the instant case from our recent decision in Gruca v. Secretary of the Army. 140 U.S. App.D.C. 85, 436 F.2d 239 (1970), where we found that the "record in no way suggest[ed]" that the registrant's claim had developed subsequent to induction.

The Board did not contradict the opinions of the interviewing officers that Barr presently held sincere religiously based convictions. Indeed, in the face of findings of present sincerity by all Army personnel who interviewed Barr in person, "the Army would have been hard pressed to justify * * * [a] finding of insincerity,"[9] Rather, the Board held that the findings of sincerity by those Army officers who interviewed Barr were immaterial to the issue of whether his "objection existed prior to his induction."

■ However, as we have previously noted, "the Supreme Court has long since declared * * * that the 'ultimate question in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form.' "[10] A more precise framing of the issue than that attempted by the Board is whether Barr's claim was based solely on conscientious objection claimed and denied by the Selective Service System prior to induction. In this regard, we think that findings of present sincerity, when presented together with facts of circumstances otherwise indicating the possibility of a change of belief, may properly be taken into account in determining whether a serviceman is presenting the same claim that was previously denied by the Selective Service.

These factors of present sincerity and strengthening of belief because of combat training, the court found, showed that the in-service application was "not the same claim which was considered by the Selective Service Board, but, rather, it represents a different claim, albeit based in part on the unmatured religious beliefs which petitioner presented in support of the initial claim but which became fixed after entering the service."

The Government argues that, contrary to the intent of the regulation, the Dis-

trict Court's analysis has the effect of constituting the Army officers who interviewed Barr and found him sincere "as a reviewing board, to evaluate the findings of the Selective Service System," and, further, that the mere "strengthening" of a previously asserted claim is not, under the regulation, a ground for discharge since in such a case the claim itself did not "become fixed" after entry into the service. The Government's position is somewhat undercut, however, by the fact that more than a year elapsed between the time that the Selective Service Appeal Board found Barr to be insincere and the time that the interviewing Army officers made a contrary determination, and by the common sense proposition that an individual's beliefs are in fact subject to change as a result of his experiences.

Indeed, it is this latter proposition which forms the basis for the military policy of recognizing conscientious objection claims which develop during an individual's period of service. It does not appear that the intent of the regulation was to punish draft registrants whose claim of conscientious objection is found by the Selective Service to lack the requisite degree of sincerity by providing that, if subsequently inducted, they can never thereafter be found to be sincere conscientious objectors, regardless of whatever effect intervening training and experience have on their depth of conviction.

It appears that the regulation, as drafted, invites its own misinterpretation, as in this case. While first giving recognition to "experiences prior to entering military service," it then bars claims "[b]ased *solely* on conscientious objection claimed and denied by the Selective Service System." It would be a most unusual conscientious objector who did not have *some* prior experience which gave rise to a conscientious objec-

9. United States ex rel. Donham v. Resor, 436 F.2d 751 (2d Cir. 1971). *See* Adams v. Davidson (N.D.Cal.1970) (3 SSLR 3443).

10. United States ex rel. Sheldon v. O'Malley, 137 U.S.App.D.C. 141, 145, 420 F.2d 1344, 1348 (1969), quoting from Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428 (1955).

tor sentiment, perhaps even to the point of making a claim prior to induction and having it rejected, justifiably so at that time. Within this regulation perhaps only a claim based on a conversion like Saul of Tarsus would be indubitably convincing.

While we think that the factors relied upon by the District Court are supportive of the conclusion that Barr's in-service claim was not the same as that previously considered by the Selective Service System, we find an additional factor in the record which we think establishes beyond cavil that Barr's later claim was not based *solely* [11] on his prior objection.

■ Barr's Selective Service file reveals that prior to induction he claimed exemption from combatant service and training only, *i. e.*, he initially sought a I-A-O classification which would not have exempted him from military service, but only would have assured him of service in a noncombatant capacity.[12]

His later claim, made after experiencing combat infantry training, sought full exemption from service in the Army, I-O classification, on the ground that his conscientiously held beliefs, matured as a result of combat training, now prevented him from serving in the armed forces in any capacity.[13] We find this factor determinative of the question of whether the application for discharge was based solely upon conscientious objection claimed and denied by the Selective Service System.[14] Barr never submitted a claim for exemption from all military service to his Selective Service Board. The Army Board's determination that Barr's application was governed by paragraph 3b(2) of AR 635-20 was therefore without basis in fact and habeas corpus relief was properly granted.

Affirmed.

TAMM, Circuit Judge, concurs in the result.

---

11. As was stated in Baker v. Laird, 316 F.Supp. 1, 4 (N.D.Cal.1970):

The Court does not regard the use of the word "solely" in Paragraph 3b(1) and (2) to be mere surplusage. Rather, its inclusion would indicate that the Army could deny an application for discharge to one claiming to be a conscientious objector where his application reveals that the grounds and beliefs adduced in support thereof are identical with those shown to have pre-existed induction (but which were not then claimed) or to have formed the basis for an application made and denied prior to entry into the service. On the other hand, where the in-service application is based on views or grounds which differ from those held and/or expressed prior to induction, Paragraph 3b clearly does *not* authorize a denial of the application for the reasons stated therein.

*Cf.* Adams v. Davidson (N.D.Cal.1970) (3 SSLR 3443).

12. Consistently with this claim, Barr stated in response to a question on the Form 150 calling for his views on the use of force: "I do not believe in killing anyone on behalf of the United States." In contrast, his application for release from the Army stated: "I cannot as a member of

the military organization continue service in an organization that has as its responsibilities the killing of others."

13. The Government's briefs nowhere so much as mention the fact that appellee's pre-induction and in-service claims differ in this respect, much less make any attempt to discuss the significance of this fact. In part this can be perhaps attributed to appellee's failure to make any concerted argument on the point.

14. *See* Bates v. Laird (W.D.Tex.1970) (3 SSLR 3379), where the court held that an enlistee who had, but did not claim, a conscientious objection to combatant service (I-A-O status) prior to induction was not barred by ¶ 3b(1) from claiming conscientious objection to all service (I-O status) growing out of the combination of his prior beliefs and his subsequent military experiences. *Cf.* Adams v. Davidson, *supra*, note 12. *See also* Majher v. Larsen (N.D.Cal.1970) (3 SSLR 3379); Acquilino v. Laird, 316 F.Supp. 1053 (W.D.Tex.1970); United States ex rel. Healy v. Beatty, 424 F.2d 299 (5th Cir. 1970), recognizing that a serviceman who is granted I-A-O status by the Army may subsequently develop a change in beliefs entitling him to a I-O discharge.