Donald S. ROTH, Plaintiff-Appellant,

v.

Melvin LAIRD, Secretary of Defense, et al., Defendants-Appellees.

No. 1040, Docket 71–1529.

United States Court of Appeals, Second Circuit.

Argued June 9, 1971.

Decided June 24, 1971.

invalidating a contract conflicting with the railroad's published tariffs.

Donald Orseck, Liberty, N. Y., for plaintiff-appellant.

Joseph P. Marro, Sp. Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for Southern Dist. of N. Y., on the brief), for defendants-appellees.

Before FRIENDLY, Chief Judge, and HAYS and OAKES, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Southern District of New York, denying a motion for a preliminary and permanent injunction and dismissing appellant's complaint. After oral argument had been heard on the motion for a preliminary injunction, the district court permitted an appeal through military channels of the Army's denial of appellant's request for a transfer to the Standby Reserve based on extreme community hardship. Two weeks after the Army's decision in this appeal was rendered, adverse to appellant, the district court, having received no communication from the appellant, denied the motions for injunctions and dismissed the complaint, finding that the Army had acted in accordance with its own regulations and that there had been no abuse of discretion.

The appellant, Dr. Donald S. Roth, is a Captain in the United States Army Reserves, having accepted an appointment as a commissioned officer in the Medical Corps on February 10, 1969, under the "Berry Plan." Appellant received orders to report for active duty commencing January 25, 1971. Upon receipt of these orders, appellant requested a 60 day postponement, alleging community .hardship and his own physical unfitness. The Army denied his request. He then commenced his first action seeking review of that decision, as well as a preliminary injunction. Because of numerous adjournments more than 60 days elapsed before the court made its ruling. The district court then entered an order denying the motion and vacating a temporary restraining order it had originally entered. Appellant was again ordered to active duty. A new request for a six month delay or transfer to the Standby Reserve was denied by the Army on April 5, 1971, and it was this denial that precipitated the instant action.

██ Appellant has submitted to this court, as he did below, various documents and letters to substantiate his claim that the Sullivan County, New York area, where he lives and practices, urgently requires his services. This is the evidence which the Army authorities had before them in considering Roth's appeal. The district court may review action taken by military authorities to insure that it is not violative of applicable regulations, Hammond v. Lenfest, 398 F.2d 705, 715 (2d Cir. 1968), or to insure that their decision is not so arbitrary and irrational that it cannot stand, Feliciano v. Laird, 426 F.2d 424, 427 (2d Cir. 1970). Neither of these factors is present in this case. "[P]urely discretionary decisions by military officials which are within their valid jurisdiction will not be reviewed by this court." Smith v. Resor, 406 F.2d 141, 145 (2d Cir. 1969). In such a case our power, whether in a habeas corpus, mandamus or injunctive proceeding, is "extraordinarily limited." Feliciano v. Laird, supra, 426 F.2d at 427; United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371, 374–375 (2d Cir. 1968), cert. denied, 394 U.S. 929, 89 S.Ct. 1195, 22 L.Ed.2d 460 (1969). "[A]dministration of the hardship exemption necessarily involves a balancing of the individual's claim against the nation's needs, and the balance may differ from time to time and from place to place in a manner beyond the competence of a court to decide * * *. [T]his is a subject on which civil review of discretionary action by the military should be declined * * *." United States ex rel.

Schonbrun v. Commanding Officer, *supra* at 374–375.

Considering the strictness of this standard and the nature of the allegations raised by appellant, failure to give appellant a further opportunity for a hearing after the Army's final decision is of no consequence and was not error.

Affirmed.