Douglas **POLSKY**, Appellant,

v.

Major General Roderick **WETHERILL**, Commanding Officer, United States Army Field Artillery Center and Fort Sill, Fort Sill, Oklahoma, et al., Appellees.

No. 625-70.

United States Court of Appeals,
Tenth Circuit.

March 2, 1972.

G. Sander Davis, Philadelphia, Pa. Barry E. Ungar, Philadelphia, Pa., and William F. Reynard, Denver, Colo., and Mann & Ungar, Philadelphia, Pa., of counsel, were with him on the brief), for appellant.

James M. Peters, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., was with him on the brief), for appellees.

Before LEWIS, Chief Judge, and HILL, SETH, HOLLOWAY, McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

This appeal was taken from a judgment of the District Court for the Western District of Oklahoma denying petitioner's application for a writ of habeas corpus after consideration of the merits of petitioner's claims. We reversed and remanded with instructions to dismiss for lack of jurisdiction, 10 Cir., 438 F.2d 132. On recommendation of the Solicitor General, the Supreme Court granted certiorari, vacated this court's judgment and remanded the case for further consideration, 403 U.S. 916, 91 S.Ct. 2232,

29 L.Ed.2d 693. Since the memorandum of the Solicitor General recommended consideration of the case on the merits we deem such procedure to be mandated.

■ The subject petition for habeas corpus was filed by Polsky while in service with the United States Army. He had enlisted and commenced active duty in 1969 and, after completing basic training, was assigned to Officer Candidate School at Fort Sill, Oklahoma. On April 23, 1970, he applied for a discharge under Army Regulation AR 635–20 claiming to be a conscientious objector. His claim was processed through regular military administrative channels and was ultimately denied by the Secretary of the Army on July 9, 1970. Polsky then applied for judicial relief asserting, among other things, that the military decision was not supported by any basis in fact. Such a claim is within the restrictive scope of judicial review in selective service cases, Salamy v. United States, 10 Cir., 379 F.2d 838; United States v. Martin, 10 Cir., 416 F.2d 44, and has been similarly recognized in regard to in-service conscientious objector claims. Bates v. Commander, 1 Cir., 413 F.2d 475.

■ The sole basis of the Army's rejection of Polsky's application for discharge as a conscientious objector was premised on a finding that his beliefs had matured prior to his entry into service and therefore were not cognizable under AR 635–20.[1] Polsky's complete and absolute sincerity is not questioned; nor is the fact that his views are premised on long-standing religious training and complete faith. Indeed, it would appear to be the intensity of Polsky's sincerity and faith that led to the military finding that Polsky was a conscientious objector when he enlisted. However another attribute of this young man reflects with equal clarity from the record: Polsky was also patriotic. The evidence referring to Polsky's attitudes and beliefs prior to and upon entering the military describes a young man who was apprehensive about the potential conflict between his religious feelings and military service, but who solved this inner conflict by enlisting. Polsky wanted to serve his country honorably, and thought he could be a "good soldier." He was *willing* to serve in the military, therefore, by subjective application of the term, he could not have been a conscientious objector at the time he enlisted. The conclusion is inavoidable from the record that it was not until he was in the service that his conscientious objector views became fixed:

> In basic training I became aware of the metamorphosis that lead me to my present position. In the evenings, after training, I began thinking about the human silhouettes we fired at during range week, the scream "KILL" that accompanies each move in hand to hand training and bayonet training, the heel stomp in the head that finishes each hand to hand parry, the M–25 bounding, fragmentary, anti-personnel land mine in land mine warfare class . . . the endless barrage of war stories told by career soldiers and Viet Nam returnees, the admonition that all branches and all MOS's simply exist to support infantry, . . . or artillery, and finally the realization that I could not possibly continue, in good concious [sic], to participate in an army. My father had served as an officer in the Second World War, before active duty, I thought that I could do likewise now, well, I now know I can not.

It is undisputed that Polsky's religious views did not change after he entered the service. Rather, his solid religious background laid the foundation

---

1. Consideration will be given to requests for separation based on bona fide conscientious objection to participation in war, in any form, when such objection develops subsequent to entry into the active military service. . . .

[C]laims based on conscientious objection growing out of experiences prior to entering military service, but which did not become fixed until entry into the service, will be considered . . . .

for the crisis of conscience he encountered in reality when, for the first time in his life, he was faced with the actuality of violence. Indeed an applicant's sincerity would be suspect if he had no religious or non-violent tendencies prior to entering the service. Polsky's case is a classic example of "crystallization" of conscientious objection after entering the military service. We find no basis in fact for the denial of Polsky's application. It is unnecessary to consider the remainder of petitioner's contentions.

The judgment is reversed and the case is remanded to the district court with instructions to issue the writ.