Major Joseph E. SOFRANKO, Petitioner,

v.

Robert F. FROEHLKE, Secretary of the
Army, et al., Respondents.

Civ. No. SA–72–CA–261.

United States District Court,
W. D. Texas,
San Antonio Division.

Aug. 9, 1972.

Maury Maverick, Jr., San Antonio, Tex., for petitioner.

William S. Sessions, U. S. Atty. by C. J. Calnan, Asst. U. S. Atty., San Antonio, Tex., for respondents; Capt. Robert W. Mannix, Depty. S.J.A., Brooke Army Med. Cen., of counsel.

## MEMORANDUM AND ORDER

JOHN H. WOOD, Jr., District Judge.

On the third day of August 1972, came to the attention of the Court Petitioner's Application for a Temporary Restraining Order and for a Preliminary Injunction; and the Court having heard arguments of counsel for the Petitioner and counsel for the United States, the following are judicially determined:

(1) Petitioner is an ophthalmologist on active duty as a Major in the Medical Corps of the United States Army, and is presently stationed at the Medical Field Service School, Brooke Army Medical Center, Fort Sam Houston, Texas.

(2) Petitioner was originally appointed a First Lieutenant in the United States Army Reserve on October 1, 1968, but his active service was deferred for the completion of residency training under the provisions of the Armed Forces Appointment and Residency Consideration Program (Berry Plan).

(3) Petitioner, by letter dated June 2, 1972, applied for deferment of active service on the grounds of community hardship. The basis for the application was his proposed employment at the Somerset Community Hospital in Somerset, Pennsylvania.

(4) Petitioner received an order dated June 8, 1972, to report for active duty July 10, 1972.

(5) By letter dated June 27, 1972, Petitioner's application for deferment was denied by the Army.

(6) Petitioner was advised that his application did not meet the requirements of Army policy for the approval of such requests, and these requirements were set forth in the letter dated June 27, 1972.

(7) Petitioner is presently under orders to report to the Republic of Vietnam and is due to meet transport in San Francisco, California, on August 12, 1972.

The foregoing having been found by the Court to be fact, the only issue presently before the Court is whether Respondents should be temporarily restrained or preliminarily enjoined from removing Petitioner from the geographical jurisdiction of this Court and ordered to retain him at Fort Sam Houston, Texas, pending a hearing of this cause on the merits.

Before Petitioner may receive the benefits of such an order, it is incumbent upon him to satisfy the four prerequisites for injunctive relief: (1) He must make a strong showing that he is likely to succeed on the merits; (2) He must demonstrate that he would probably suffer irreparable injury if immediate relief were not granted; (3) There must be no manifest danger of substantial harm to other parties; and (4) The public interest must favor the relief requested. Virginia Petroleum Jobbers Association v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958) reh. denied; Hamlin Testing Laboratories v. United States Atomic Energy Commission, 337 F.2d 221, 222 (6th Cir. 1964); Schwartz v. Covington, 341 F.2d 537 (9th Cir. 1965). Petitioner has failed to meet this heavy burden.

Petitioner's application to the Army for a delayed entry on active duty is governed by Army Regulation 601–26 (Exhibit "D", pp. 1–7 to Petition for Writ of Habeas Corpus, hereinafter called "Petition") which, in pertinent part, permits physicians of the Army Reserve to apply for a postponement of their active service commitments to alleviate threatened hardship to their communities. (Paragraph 8a, Army Regulation 601–26; p. 3, Exhibit "D" to Petition.) Petitioner contends that he filed an application which fully complied with regulatory requirements; and that

the Army, without giving reasons for its decision, arbitrarily and without basis in fact rejected it. Petitioner claims that, as a consequence of this unlawful act, his liberty has been unconstitutionally restrained and he requests this Court to order his release from active duty.

■ It does not appear likely that Petitioner can succeed on the merits of this case under either of the accepted rules for determining such matters. One line of authorities holds that discretionary decisions by the Army (as in the instant cause) are not reviewable by the Courts in the absence of procedural error amounting to a denial of due process of law. Roth v. Laird, 446 F.2d 855 (2d Cir. 1971). Although the matter of procedural error is mentioned in Petitioner's Memorandum in support of his application for injunctive relief, no specific error is alleged or even suggested in any of his submissions to the Court. No error is apparent in the record and, without it, Petitioner must fail.

■ A more liberal rule would permit the review of these applications to determine whether the Army had a basis in fact for its decisions and did not act arbitrarily. United States ex rel. Hutcheson v. Hoffman, 439 F.2d 821 (5th Cir. 1971). But it does not appear that Petitioner would prevail even if such a review were had. The regulation in question sets three requirements, all of which must be met before an application may be favorably considered (Paragraph 8d(2), (a)–(c), Army Regulation 601–26; p. 4, Exhibit "D" to Petition). Petitioner's application, on its face, failed to meet any of them.

■ Petitioner was not performing service " . . . essential to the maintenance of health, safety or welfare of his community." (Paragraph 8d(2) (a), Army Regulation 601–26; p. 4, Exhibit "D" to Petition.) The service Petitioner *proposed* to perform at the hospital in Somerset was available in the area at a distance estimated by him to be a forty-five minute drive from there. (Paragraph 8d(2) (b), Army Regulation

601–26; p. 4, Exhibit "D" to Petition.) There was no question of replacing Petitioner's services in the community because they were never rendered. (Paragraph 8d(2) (c); p. 4, Exhibit "D" to Petition.) It cannot be maintained that the Army would lack a basis in fact for rejecting an application which was insufficient on its face to meet any of the established requirements for favorable consideration. The obvious purpose of regulations such as this is " . . . to prevent the loss of citizens whose absence would have an immediate, detrimental impact on their community, such as the loss of a community's only physician." (*Hutcheson, supra,* at 823.) There is no apparent intent to accomplish the redistribution of specialized medical services to rural areas, however laudable that aim might be.

■ Petitioner contends that the Army improperly failed to give him a reason for its decision, but it is by no means clear that Petitioner is correct in his assertion or even that this consideration is material. In the Army's letter of rejection (Exhibit "O", pp. 1–2, to Petition), Petitioner was advised that the documentation submitted did not justify an exemption and he was informed of the necessary criteria for favorable action. Petitioner would require that the Army give specific facts supporting a conclusion that Petitioner's services were not essential to the community of Somerset. In this posture, Petitioner misconstrues the law.

In other situations involving a basis in fact test, the Courts have required the Army to come forward with facts and reasons for its decisions only where the applicant first made out a *prima facie* case for relief. Helwick v. Laird, 438 F.2d 959, 966 (5th Cir. 1971); Rautenstrauch v. Secretary of Defense, 313 F.Supp. 170, 173 (W.D.Tex., 1970); Aquilino v. Laird, 316 F.Supp. 1053, 1056–1057 (W.D.Tex., 1970). The cases should not be construed as setting similar requirements where an application is insufficient on its face. If, for example,

an applicant for discharge as a conscientious objector were to state at the outset that he had no conscientious objection to participation in war, then the Courts would hardly require the Army to come forward with a detailed rebuttal of his claim.

Petitioner has made no showing that he will be irreparably injured if preliminary injunctive relief is not granted. He is not a conscientious objector and the question of where he might perform service is therefore not material. It has been argued that his presence in this area is essential so that he may consult with counsel prior to the taking of testimony on the merits of this cause. However, no authority has been cited for the proposition that this Court may take testimony in a case where, at most, it may review the record for a basis in fact. In any event, Petitioner has more than a week remaining to consult with counsel, and, if his presence is deemed necessary at a hearing, he may be ordered returned sufficiently in advance thereto to provide him time for additional consultations.

■ The Army has, by the issuance of its order, determined to employ Petitioner in Vietnam, a combat zone. This Court will not presume that the loss of the services of a trained ophthalmologist in such an area will cause no harm to others, nor will it arbitrarily substitute its judgment for the Army's as to the proper distribution of the medical resources available to it.

It does not appear to this Court that the public interest favors the relief requested by Petitioner. If injunctive relief were proper on such a meager showing, then any "Berry Plan" physician, or indeed any reserve officer eligible to apply for a similar deferment, might disrupt military planning and avoid an undesired assignment by the simple expedient of applying for employment in a rural area. He would incur no obligation thereby. If he succeeded on the merits of his cause, he could escape his military obligation as well.

In this regard, Petitioner's position is not aided by the fact that he waited until after he entered on active duty to commence this action. Army Regulation 601–26 was designed to serve a legitimate public purpose. It permits deferment of active duty so that communities might have time to replace citizens whose services are critically needed. If an "essential" citizen waits until after he has departed from the community to commence an action, then the purpose of the regulation is frustrated and the issues involved are virtually moot. If, as in this case, no service, essential or otherwise, was ever performed, the entire question becomes an academic exercise. In either case, it would be improper for a Court to grant an injunction which would have the effect of compelling a man to remain where he is not needed and no one wished him to be. Such an order would do a grave disservice to the public interest and would flout both law and logic.

For the reasons stated above, it is ordered that Petitioner's Application for Temporary Restraining Order and Preliminary Injunction be, and is hereby, in all things denied.

This order is to be considered a final order on both the Application for a Temporary Restraining Order and the Application for a Preliminary Injunction.