Captain Michael L. TURNER, M. D., and Alliance City Hospital, Plaintiffs,

v.

COMMANDER, U. S. ARMY RESERVE, et al., Defendants.

Civ. A. No. C 76–198 A.

United States District Court, N. D. Ohio, E. D.

July 16, 1976.

---

3. N.Y.C.P.L.R. § 6222.

Evan W. Morris, Jr., France, Morris & Brown, Alliance, Ohio, for plaintiffs.

John W. Matthews, Action Atty., Litigation Div., Dept. of the Army, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

CONTIE, District Judge.

Plaintiffs initiated this action for injunctive relief on July 2, 1976. On said date, plaintiffs' application for a temporary restraining order was denied, and the Court ordered that the hearing on the application for a preliminary injunction be consolidated with the trial on the merits. See Rule 65(a)(2) Federal Rules of Civil Procedure. Said trial was conducted on July 9, 1976. The following shall constitute the Court's findings of fact and conclusions of law.

Plaintiff Cpt. Michael Turner (hereinafter Turner), an orthopedic surgeon, voluntarily accepted an appointment as First Lieutenant, Medical Corps, United States Army Reserve, on November 22, 1971, under the provisions of the Armed Forces Physicians' Appointment and Residency Consideration Program (Berry Plan). Pursuant to said program, Turner was granted a delay from entry on active duty until June 30, 1976 to complete his residency training in orthopedic surgery at Akron City Hospital, Akron, Ohio. Upon entering said program, and yearly thereafter, Turner agreed to serve two years on active duty upon completion of his residency. Turner is now in receipt of orders from the Army to report for entry on active duty on July 21, 1976, at Fort Sam Houston, Texas.

By letter dated December 3, 1975, Turner requested an exemption from active duty based upon extreme community hardship. It appears that Turner has orally committed himself, contingent upon his success in obtaining such an exemption, to practice his specialty in Alliance, Ohio, and at plaintiff Alliance City Hospital. This hospital is the only such institution in the immediate area and serves approximately ninety thousand (90,000) persons. There are no orthopedic surgeons regularly practicing in Alliance or at the Alliance City Hospital, and the Court concludes that an extremely serious need for such service in said area exists.

The Alliance City Hospital endeavored to aid Turner in securing an exemption but to no avail. After numerous letters, the Department of the Army Delay and Exemption Board denied the plaintiffs' request. On May 5, 1976, plaintiffs appealed this decision to the Adjutant General. Said appeal was denied on June 7, 1976, and this action followed.

■ Purely discretionary decisions by military officials are not reviewable by federal courts. See *Antonuk v. United States,* 445 F.2d 592 (6th Cir. 1971). However, review is available to insure that the Army's action is not violative of the applicable regulations, see *Schatten v. United States,* 419 F.2d 187 (6th Cir. 1969), or "so arbitrary and irrational that it cannot stand." *Roth v. Laird,* 446 F.2d 855 (2nd Cir. 1971). See also *Smith v. Resor,* 406 F.2d 141 (2nd Cir. 1969); *Sofranko v. Froehlke,* 346 F.Supp. 1380 (1972). Cf. *United States ex rel. Hutcheson v. Hoffman,* 439 F.2d 821 (5th Cir. 1971). Plaintiffs assert that the Army's actions are violative of both these narrow grounds for review.

The provisions relating to exemption from active services for extreme community hardship are contained in Army Regulation 601–26 and Chapter 1 of Army Regulation 601–25 as modified by Army Message 1415332 Jun 73 (hereinafter Message).*

---

* A new Army Regulation 601–25, which supersedes the above mentioned regulations and Message, became effective on May 15, 1976. While the provisions of said regulation are not directly applicable to this action, the Court notes that the relevant provisions regarding community hardship are identical to those contained in the Message.

These regulations required each of the following conditions to be met before an extreme community hardship would be found to exist:

> "(a) The service performed by the officer is essential to the maintenance of health, safety, or welfare of his community.
>
> "(b) The service cannot be performed by other persons residing in the area concerned.
>
> "(c) The officer cannot be replaced in the community by another person who can perform such services."

The Message was issued by Order of the Secretary of the Army in June 1973, and, while substantially adopting the above criteria, it also requires that there be reasonable assurance that the officer seeking delay can be replaced within the period of delay granted. Said Message also states as follows:

> "Requests from physicians . . . will be disapproved and ruled *not essential* to communities where they have never practiced." (Emphasis in original.)

As Turner had not practiced in Alliance, his application for exemption was duly denied.

Plaintiffs argue that defendants are somehow estopped from applying the requirement that an applicant for delay or exemption be already performing the subject community service. The grounds for this contention are: (1) that defendants failed to include this requirement among those listed in a letter from the Army to Turner dated December 10, 1975; and (2) that the Army applied the criteria of the Message, which assertedly does not have the force and effect of a regulation, in violation of the provisions of the Army Regulation 601–26. Neither ground is meritorious.

■ The December 10, 1975 letter to Turner merely recites the four criteria quoted above from Army Regulations 601–25 and 601–26. It does not include a reference to the statement in the Message that the Army will not exempt physicians not already practicing in the community. Plaintiffs argue that they have a right to rely upon the application of these four criteria alone, and that the Army's supposed introduction of additional criteria prejudiced their cause.

The problem with this analysis is that the omitted statement is not a criteria for determination of the claim of extreme community hardship. Rather, it constitutes merely an interpretation of the listed criteria. Furthermore, said letter was not in response to a request for the criteria; presumably mention thereof in the letter was included to assist plaintiffs in the presentation of relevant evidence supportive of their request for exemption. Nor is there evidence in this action that the relevant regulations and the Message have not been available for inspection by plaintiffs. Under these circumstances the Court concludes that plaintiffs have not been materially misled by the Army.

■ Even assuming *arguendo* that the December 10, 1975 letter misled plaintiffs, they were not prejudiced thereby. In *Sofranko v. Froehlke, supra,* the court held that under the criteria provided to Turner an exemption was reasonably denied where that plaintiff was not at the time of his application performing the services to the subject community. Therefore, any claim of estoppel or related doctrine is inappropriate.

Disposition of the claim that defendants failed to follow their own regulations in part encompasses the just mentioned issues. For if the Message does not have the full force and effect of a regulation, then the provisions of Army Regulations 601–25 and 601–26 as originally promulgated are controlling, and *Sofranko v. Froehlke, supra,* demonstrates that the Army action was in accordance therewith. Furthermore, the claimed procedural infirmities to allow review must cause substantial prejudice to plaintiffs, see *Smith v. Resor, supra* at 146; yet the provisions of the newly effective Army Regulation 601–25 are identical to those applied in this case. Therefore, the identical result would be obtained under its provisions. Thus, the Court can find no substantial prejudice to plaintiffs by the

application of the provisions of the Message.

Finally, the Message was issued by Order of the Secretary of the Army, which is the same officer issuing formal regulations. The authority for such action is contained in Army Regulation 310–3, which the Court has judicially noticed. Therefore, the Court concludes that the Message has the full force and effect of a regulation.

The Court further finds no basis in the record for plaintiffs' claim that defendants acted arbitrarily and capriciously.

This Court is fully cognizant of the desperate need of the citizens of Alliance, Ohio and surrounding areas for the skills and services of an orthopedic surgeon, and that the likelihood of securing another practitioner of this medical specialty is dim. However, regardless of how this Court would resolve the issue of Turner's activation, the fact remains that the responsibility for said decision is vested not in the Court but in the hands of defendants. The law is clear that this Court may review said decision on only very narrow grounds and, for the reasons stated above, the Court reluctantly concludes that those grounds are inapplicable in this case.

Accordingly, judgment shall be entered for defendants and against plaintiffs.

IT IS SO ORDERED.