**Maj. Thomas A. BLOCHER, M.D., Plaintiff,**

**v.**

**Lt. Col. Gerald G. FONVILLE, Acting Command Officer, 4005 U.S. Army Hospital, Defendant.**

**Civ. A. No. H–91–0254.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 12, 1991.

Daniel J. Shea, Werner, Werner & Shea, Houston, Tex., for plaintiff.

Ronald G. Woods, U.S. Atty., Howard E. Rose, Sp. Asst. to U.S. Atty., Houston, Tex., for defendant.

### ORDER

HITTNER, District Judge.

Pending before the Court is the Motion for Temporary Restraining Order (Document # 1) filed by plaintiff Major Thomas A. Blocher ("Blocher"). Having reviewed the motion, the submissions, the testimony of the plaintiff and witnesses in open court on January 30, 1991, the argument of counsel, and the applicable law, this Court determines that the motion should be denied. The instant order amends the prior order of this Court entered January 31, 1991 for the purpose of developing the reasoning underlying denial of Blocher's motion.

Blocher, a board-certified psychiatrist and addictionologist, seeks to avoid his impending mobilization from the United States Army Reserves into active duty on grounds that the loss of his services to a substance abuse treatment program during his active duty will work an extreme hardship on the community as provided in 10 U.S.C. § 271 (1988). This Court faces a narrow question of first impression concerning the availability of a temporary restraining order to avoid mobilization into active military duty due to "extreme community hardship."

The Fifth Circuit applies a four-part test for determining whether injunctive relief is warranted: (1) Is there a likelihood that the plaintiff will prevail on the merits; (2) Is there a substantial threat that irreparable injury will result if the injunction is not granted; (3) Does the threatened injury outweigh the threatened harm to defendant; and (4) Will granting the injunctive relief disserve the public interest. *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 559 (5th Cir.1987); *see Local 733, International Brotherhood of Electrical Workers v. Ingalls Shipbuilding Division, Litton Systems Inc.*, 906 F.2d 149, 151 (5th Cir.1990).

In support of his request for injunctive relief, Blocher offered testimony from James F. Considine, M.D. ("Considine"), who is associated with Blocher in New Spirit, a program founded by Blocher for the treatment of chemical dependency. Considine testified that Blocher is essential to his patients, who are substance abusers. Considine further testified, however, that Blocher's colleagues have known for many years that Blocher was in the Reserves and that those colleagues have covered Blocher's patients during his past Reserve absences.

Blocher also offered the testimony of Janie Harwood ("Harwood"), an associate administrator at Belle Park Hospital. Harwood testified that Blocher is the medical director of the Substance Abuse Services at Belle Park Hospital. Harwood further testified that if one considers the community of Blocher's patients, then this "community" would suffer extreme hardship as a result of Blocher's mobilization.

Finally, Blocher himself testified that he knew when he enlisted in the Reserves that he might be activated and that his patients might have to be cared for by other physicians.

■ To obtain injunctive relief, Blocher must first show that he is likely to prevail on his claim that his mobilization will work an extreme community hardship. An extreme community hardship is defined as "[a] situation that, because a reservist is mobilized, may have a substantially adverse effect on the health, safety, or welfare of the community." 32 C.F.R. § 44.3 (1990). Initially, this Court notes that Blocher's claim of extreme community hardship must be presented to the Secretary of the Army. *See* Delay in Reporting for and Exemption from Active Duty, Initial Active Duty for Training, and Reserve Forces Duty, Army Regulation 601–25 (Mar. 7, 1986); *see also Nicholson v. Brown,* 599 F.2d 639, 646–48 (5th Cir.1979) (holding that application for Air Force exemption based upon community essentiality was properly submitted first to military personnel official, then to the district court for review on abuse of discretion standard). Therefore, this Court must evaluate Blocher's likelihood of success in presenting his hardship claim in light of the Department of the Army guidelines for reviewing such claims.

■ This Court must first determine the parameters of "community" as that term is utilized in 32 C.F.R. § 44.3. The Department of Army guidelines specify that a community hardship applicant must show that "service performed is essential to the maintenance of health, safety, or welfare of the *individual's* community or nation." Information Paper DARP–MOP at 3 (Jan. 1991) [hereinafter Information Paper] (emphasis added). In a case involving a military denial of an application for discharge due to "community hardship," the Fifth Circuit determined that the community to be considered was the city in which the applicant worked. *United States ex rel. Hutcheson v. Hoffman,* 439 F.2d 821, 823 (5th Cir.1971) (holding that applicant's unique specialization and his employment at the Center for Research in Social Change at Emory University was insufficient to show hardship to the community of Atlanta). This Court determines that Blocher's "community" for purposes of 32 C.F.R. § 44.3 is Houston, Texas.

■ This Court must next determine whether Blocher is likely to prevail on his claim that his mobilization "may have a substantially adverse effect on the health, safety, or welfare" of Houston. The Department of Army guidelines provide that an application claiming extreme community hardship must "include evidence that the service cannot be performed by another person in the community." Information Paper, *supra,* at 3. Therefore, if other individuals in the applicant's community as a whole can perform the services provided by the applicant, a claim of extreme community hardship is not likely to succeed.

This Court notes Blocher's statements of his dedication to his patients and to the treatment of chemical dependency. Nonetheless, based on the evidence presented, the Court makes a preliminary finding that the services which Blocher provides to the community can be performed by other administrative professionals and psychiatrists. Blocher has only shown that his mobilization will result at most in some difficulties for his patients. Blocher's community as a whole—Houston, Texas—will suffer, if anything, a remote consequence that does not rise to the level of "extreme" hardship.

The war in the Persian Gulf is creating a hardship on thousands of families and on every community and occupational calling throughout the United States. Blocher attempts to equate the importance of the "war on drugs" to that of the war in the Persian Gulf. Our country's involvement in the war in the Persian Gulf is a priority, however, even for the plaintiff in this case.

This Court finds Blocher is not likely to prevail on the merits of a claim that mobilization will work an extreme hardship on the community. As this Court finds that Blocher has not satisfied the first prong of the four-part test, it need not address the

remaining elements. Based upon the foregoing, it is

ORDERED that Blocher's Motion for Temporary Restraining Order (Document # 1) is DENIED.