Major Phillip E. HADLEY, Plaintiff,

v.

SECRETARY OF the ARMY et al., Defendants.

Civ. A. No. 78-2406.

United States District Court, District of Columbia.

Sept. 17, 1979.

Alan Dranitzke, Washington, D. C., for plaintiff.

Nathan Dodell, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

OBERDORFER, District Judge.

This matter is before the Court on cross-motions by the parties for summary judgment. The plaintiff, a major in the Army Medical Corps, brought this action for declaratory and injunctive relief to compel the Secretary of the Army to (honorably) discharge him in accordance with 10 U.S.C. § 3303 (1976). The Army's promotion system for officers provides generally that an officer seeking advancement in rank will be considered by promotion selection boards established and governed by statute. See 10 U.S.C. § 3281-3314 (1976). An officer who is not recommended for promotion by a board becomes a "deferred officer"; section 3303 provides that a deferred officer who is not recommended for promotion by the next promotion board to consider him "shall . . . be honorably discharged." 10 U.S.C. § 3303(d).

Plaintiff maintains that having been passed over twice for promotion by statuto-

ry promotion selection boards, the Army is compelled to discharge him, despite the fact that he thereafter was promoted. Plaintiff asserts that a subsequent promotion conferred by a Standby Advisory Board ("STAB") exceeded statutory authority and could not nullify the action of the statutory promotion boards. He complains that he is stigmatized by the two pass-overs, and despite his later promotion, is subject to embarrassment and humiliation because of his failure to be promoted by statutory promotion selection boards. Plaintiff also asserts that the presence in his personnel record of the material that justified his earlier non-promotions will effectively foreclose him from future advancement in rank.

The Secretary takes issue with each of the plaintiff's allegations. He asserts that the provision requiring discharge after two "pass-overs" exists solely for the benefit of the Army, and does not confer upon military officers a right to discharge. In addition, the Secretary argues that any effect of plaintiff's second non-promotion was nullified by subsequent favorable review by the STAB Board, which had legal authority to reverse the findings of the statutory board. Finally, the Secretary maintains that to the extent that the plaintiff is subject to embarrassment or prejudice by the presence of adverse material in his personnel file, he has failed to exhaust administrative remedies established by statute and Army regulation.

The exchange of legal assertions, however, only begins to render intelligible the novel issues before the Court. In reality, plaintiff complains that he is the victim of a "wrongful promotion," illegally conferred upon him by the Secretary. The implications of the controversy can best be understood in the context of the fact that plaintiff received his college and medical training at government expense in return for a substantial commitment to serve in the U. S. Army. Defendant's Cross Motion for Summary Judgment, July 12, 1979, Ex. A at 38–39, 96 (hereinafter "Exhibit A"). He had only just begun to fulfill that obligation when he filed the instant action, accusing the Secretary of "contriving" to keep him in the Army in violation of law.

The resolution of this case turns fundamentally upon plaintiff's rights and the defendant's duties under 10 U.S.C. § 3303(d).[1] The parties' statements of material facts filed pursuant to Local Rule 1–9(h) make plain that there are no genuine issues of material fact as to any of the issues raised by the cross-motions for summary judgment. The Court holds that the undisputed material facts warrant the entry of summary judgment for the defendant. The following findings of fact and conclusions of law support that holding.

## I. *FINDINGS OF FACT*

1. The Plaintiff, Major Phillip E. Hadley, graduated from Florida State University in 1970. While attending college, plaintiff participated in the Army ROTC Program, and upon graduation, he was commissioned a Second Lieutenant, Medical Service Corps.

2. After graduation, plaintiff was accepted for a position in the Army's Program for Medical, Dental and Veterinary Education for Regular Army Officers. As a member of this program, plaintiff attended

1. Section 3303(d) reads:

(d) A deferred officer who is not recommended by the next selection board considering officers of his grade and promotion list shall—

(1) if he is eligible, be retired under section 3913 of this title;

(2) if he is not eligible for retirement under section 3913 of this title, but is eligible for retirement under any other provision of law, be retired under that law on the date when he would have been retired under section 3913 of this title if he were eligible; or

(3) if he is not eligible for retirement under section 3913 of this title or any other provision of law, be honorably discharged on the date he would have been retired under section 3913 of this title if he were eligible, with severance pay computed by multiplying his years of service, but not more than 12, computed under section 3927(a) of this title, by two months' basic pay of the grade in which he is serving on the date of his discharge.

the Medical School of the University of Florida; his educational expenses were paid by the U. S. Army, and he received full military pay and allowances while in medical school.

3. Plaintiff received an M.D. degree from the University of Florida in 1974.

4. During his last year of medical school, plaintiff applied for and was accepted for further military-sponsored professional training in the Army Internship Program to enable him to specialize in obstetrics and gynecology.

5. Upon graduation, plaintiff was assigned for his training to the Walter Reed Army Medical Center, Washington, D. C., where he served as an intern from June, 1974, until June, 1975.

6. By letter of December 3, 1974, plaintiff acknowledged his selection for residency training in obstetrics and gynecology. He participated in the residency program from June 24, 1975, to June 23, 1978.

7. During this period, plaintiff received four annual Officer Efficiency Reports (OER's): *the first*, covering his intern year, was for the period from July, 1974, to June, 1975; *the second*, covering the first year of residency, was for the period June, 1975, to June, 1976; *the third*, covering his second year of residency, was for the period June, 1976, to June, 1977; *the fourth*, covering his third year of residency, was for the period June, 1977, to June, 1978.

8. In April, 1977, plaintiff was considered for promotion to Captain in the Regular Army (RA) by a statutory Promotion Selection Board. The Board had before it the first three OER's, *see* paragraph 7, *supra.* The Board recommended that plaintiff not be promoted; that recommendation was subsequently approved by the Secretary of the Army.

9. By letter of November 10, 1977, plaintiff was notified that the Board had not recommended that he be promoted. The notification indicated that the plaintiff's

status was that of a "deferred officer" pursuant to 10 U.S.C. § 3303.

10. In April, 1978, a second statutory Promotion Selection Board convened to consider officers for promotion to Captain in the Regular Army. Plaintiff was one of the officers considered by the Board, which had before it the same three OER's considered by the Board noted in Paragraph 8, *supra.* The Board recommended that plaintiff not be promoted. The Secretary of the Army approved the Board's action on April 26, 1978.

11. By letter of April 25, 1978, Major Gary L. Tonniges, AMEDD Personnel Support Agency, forwarded a request for Standby Advisory Board (STAB) reconsideration of plaintiff's non-promotion to the U. S. Army Military Personnel Center, Alexandria, Va. According to a notation on the request, a Mr. Dubbs concluded that the records indicated no basis for STAB reconsideration.

12. Subsequently, the Office of the Surgeon General determined that the file reviewed by the second promotion selection board contained two copies of the OER for the period June 24, 1975, through June, 1976, which was unfavorable.[2] On May 4, 1978, Lieutenant Colonel Kleber, Chief Personnel Services Division, Office of the Surgeon General, requested further review of plaintiff's personnel records to determine whether the duplication of the OER would form the basis for a STAB reconsideration of plaintiff's second non-promotion.

13. By letter of May 19, 1978, the Commander, Health Services Command, was notified that plaintiff had not been selected for promotion for a second time and, consequently, would be discharged on November 1, 1978, pursuant to 10 U.S.C. § 3303. However, paragraph 3 of the letter stated:

Subsequent to Captain Hadley's non-selection, it was determined that his Official Military Personnel File (OMPF) was improperly constituted. His records are being corrected and will be submitted to a Standby Advisory Board for considera-

---

2. Thus the repetition could have had a cumulative impact on a reader who failed to notice the erroneous duplication.

tion. Selection by this board and approval by the Secretary of the Army would result in Captain Hadley's promotion to Captain RA and would invalidate the 1 November 1978 mandatory discharge date . . . . .

(Exhibit A, at page 82).[3]

14. Plaintiff was notified of the contents of this letter on June 7, 1978, and acknowledged receipt of the notice of pending discharge. Plaintiff lined through paragraph 3 of the acknowledgement which stated:

I acknowledge that I am aware of the Standby Advisory Board (STAB) which is pending in my case and that favorable action by the board and the Secretary of the Army will terminate this discharge process.

(Exhibit A, at page 81).

15. Plaintiff submitted a request for early discharge on June 30, 1978, pursuant to Chapter 11, AR 635–120. On July 13, 1978, the Office of the Deputy Chief of Staff for Personnel formally disapproved plaintiff's request for early discharge prior to the announcement of the results of the STAB.

16. On July 24, 1978, a STAB Board selected plaintiff for promotion to Captain, Regular Army. Plaintiff was informed of this action in August, 1978.

17. Headquarters, Department of the Army, immediately notified the Commander, Health Services Command, of plaintiff's selection for promotion by the STAB. Based upon this action, the notice of discharge of May 19, 1978, was cancelled.

## II. *CONCLUSIONS OF LAW*

■ A. Plaintiff's claim that the Army wrongfully promoted and failed to discharge him turns upon whether 10 U.S.C. § 3303(d) confers upon an officer the right to compel the Army to discharge him if he has twice failed to be promoted by statutory promotion selection boards. To litigate this claim, plaintiff must first establish that he has standing to complain of the Army's action. Specifically, a party will be denied standing if the interest allegedly injured is not arguably within the zone of interests protected by the statute invoked, even though injury in fact has been sufficiently established. *Committee for Auto Responsibility of Solomon,* 195 U.S.App.D.C. 340, 603 F.2d 922 (D.C.Cir. 1979); *Tax Analysts & Advocates v. Blumenthal,* 184 U.S.App. D.C. 238, 566 F.2d 130 (1977). For the reasons set forth below, the Court concludes that plaintiff Hadley lacks standing to bring this action.

The statutory basis for the Army promotion system is the Officer Personnel Act of 1947, as amended. Act of August 7, 1947, ch. 512, 61 Stat. 795 (1947). The Act substituted a system of statutory promotion selection boards for the former, seniority-based system. Under the promotion board scheme, which has been incorporated virtually intact into the present section 3303, each officer is considered for promotion by a selection board whose membership and procedures are set out by statute. *See* 10 U.S.C. §§ 3281–3314 (1976). An officer who has been once considered by a selection board and not recommended for promotion becomes a "deferred officer." A deferred officer is considered for promotion by the next selection board considering officers of his grade. Section 3303(d) provides that:

A deferred officer who is not recommended by the next selection board considering officers of his grade shall . . (3) . . . be honorably discharged

. . . . .

10 U.S.C. § 3303(d) (1976).

■ The purpose of this system, as described by the House Report on the Act,

---

**3.** In an affidavit attached to his motion for summary judgment, plaintiff asserts that the finding that his file was "improperly constituted" was "contrived" in order to "circumvent the command of 10 U.S.Code § 3303." Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment, June 21, 1979, Exhibit I, at paragraph 11. Plaintiff's

allegations of bad motive, even if material, are not sufficient to support a motion for summary judgment under Rule 56(e), Fed.R.Civ.P., since they are not based on "personal knowledge" nor would the plaintiff be "competent to testify" to the motive of defendants in seeking STAB review.

was to strengthen the officers corps. H.R. Rep.No.640, 80th Cong., 1st Sess. 3 (1947). The provisions of section 3303 are plainly for the benefit of the Army, to guarantee that the most fit officers are systematically selected for promotion and the remaining officers are discharged. The statute cannot sensibly be read to encompass the interest of an officer to seek a discharge when the Army has determined that its interests would best be served by his retention. Such an interpretation would contravene the well-established principle that statutes pertaining to the Army should be read narrowly, so as to limit judicial interference in military affairs and protect the discretion of military commanders. *See, e. g., Parker v. Levy,* 417 U.S. 733, 743, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *Orloff v. Willoughby,* 345 U.S. 83, 94, 73 S.Ct. 534, 97 L.Ed. 842 (1953); *Dilley v. Alexander,* 195 U.S.App. D.C. 332, 337–338, 603 F.2d 914, 919–920 (1979). In similar situations, where military personnel have sought to invoke a provision relating to the fitness of personnel as a lever to force their discharge, the Courts have uniformly rejected the proffered constructions. *See Orloff v. Willoughby, supra; Allgood v. Kenan,* 470 F.2d 1071 (9th Cir. 1972); *Silverthorne v. Laird,* 460 F.2d 1175, 1186 (5th Cir. 1972). For such a construction would create incentives for military personnel to disqualify themselves physically, or in this case create disincentives for promotion, which would tend to defeat the obvious objective of Congress to create incentives for military personnel to keep fit and to strive for promotion. *See Orloff v. Willoughby, supra,* 345 U.S. at 94–95, 73 S.Ct. 534.

The conclusion that this plaintiff's claim for discharge is not in the zone of interests protected by 10 U.S.C. § 3303(d) is quite consistent with the Court's recognition that section 3303 protects the interests of officers wrongfully refused promotion and discharged. *See, e. g., Knehans v. Alexander,* 184 U.S.App.D.C. 420, 566 F.2d 312 (1977), *cert. denied,* 435 U.S. 995, 98 S.Ct. 1646, 56 L.Ed.2d 83 (1978). It is no great leap to conclude that a statute designed to strengthen the officer corps would protect the interests of qualified officers who are wrongfully denied promotions through violations of specific procedural guarantees. An officer being discharged, having been wrongfully denied promotion on account of discrimination, for example, might also have such a claim. But the plaintiff here conspicuously fails to complain about the underlying decisions not to promote him. He seeks instead to capitalize upon them by a discharge.

Finally, plaintiff lifts the phrase "shall . . . be honorably discharged" in section 3303(d) out of its context to allege that it is mandatory and designed to confer a right of discharge upon an unhappy officer. This interpretation does not survive analysis. The term "shall" in section 3303(d) precedes three alternatives that describe *how* an officer not recommended for promotion shall be separated from the Army; it guarantees that officers eligible for retirement will not be perfunctorily discharged, but will be treated with concern for approaching retirement dates. Section 3303(d)(1) guarantees that an officer within two years of retirement under section 3913 will be maintained on the active list until he is eligible for retirement. Read in its entirety, section 3303(d) is plainly inconsistent with the plaintiff's argument that it is designed to protect the interest of a non-promoted officer in a speedy severance from the Army. To the extent that section 3303(d) imposes *any* mandatory duty upon the Army, it is to protect the interests of a non-promoted officer *after* the Army has made a discretionary determination to discharge him. It requires the Army to separate the officer in accordance with the provisions of section 3303(d)(1–3) rather than by immediate discharge, without severance pay or concern for upcoming retirement dates.

The Court concludes that the plaintiff's claim is not arguably within the zone of interests protected by section 3303(d) of Title 10, U.S.C. He may not, for this reason, complain of the action of the STAB Board in promoting him to Captain, RA, or of the Secretary of the Army in retaining him on

active service. He must, in contending with the consequences of administrative grace, accept the sweet with the bitter. *Knehans v. Alexander,* 184 U.S.App.D.C. at 423, 566 F.2d at 315; *compare Arnett v. Kennedy,* 416 U.S. 134, 153–54, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

The foregoing conclusions make it unnecessary and inappropriate to reach the question of whether the STAB Board may properly nullify the action of a statutory selection board, or whether the Secretary acted improperly in submitting the plaintiff's file for STAB Board review in the first instance. *Compare McClelland v. Andrus,* 196 U.S.App.D.C. 371, 384–385, 606 F.2d 1278, 1291–1292 (1979).

■■■■ B. In his complaint, the plaintiff alleges that his military career is permanently blotted by the presence in his record of the OER's that prompted the statutory selection boards originally to recommend his non-promotion. The Court understands this assertion to be support for plaintiff's claim of an entitlement to discharge. He has made no suggestion that the OER's were inaccurate or improperly included in his file. To the extent that plaintiff has suffered or will suffer injury from the presence of these OER's, he has no claim for judicial relief at this time. The law is clear that "an aggrieved military officer must first exhaust his administrative remedies with his particular service's Board for Correction of Military Records prior to litigating his claims in federal court." *Knehans v. Alexander,* 184 U.S.App.D.C. at 423, 566 F.2d at 315 and case cited therein. The Army Board for Correction of Military Records (ABCMR) has broad statutory authority conferred by 10 U.S.C. § 1552 to correct any error or to remove an injustice. *See*

Ford, *Officer Selection Boards and Due Process of Law,* 70 Mil.L.Rev. 137, 152 (1975). It is uncontroverted that plaintiff has not sought relief from the ABCMR. *See* Defendant's Cross-Motion for Summary Judgment, July 12, 1979, Exhibit C (Declaration of Raymond J. Williams, Executive Secretary of ABCMR). Unless and until plaintiff has tried and failed, the Court may not intervene.[4]

In sum, the Court holds that the defendant is entitled to summary judgment as a matter of law. For this reason, and upon consideration of the cross-motions for summary judgment, the memoranda in support of each, the opposition thereto, and oral arguments thereon, and the pleadings, exhibits, and affidavits in the entire record, it is, this 17th day of September, 1979, hereby

ORDERED, ADJUDGED, AND DECREED: That defendant's motion for summary judgment is GRANTED in all respects, and the complaint is DISMISSED.

---

**4.** Section 3303(c) is addressed specifically to the problem of foreclosure from future advancement in rank that plaintiff claims. It provides, *inter alia,* that if an officer who was not recommended for promotion by the first statutory board to consider his record is subsequently promoted by the second statutory board, "his first failure does not count as a failure of selection when he is thereafter considered for promotion to another regular grade." 10 U.S.C. § 3303(c). The statute is silent as to whether section 3303(c) also applies when the subsequent promotion is granted by a STAB Board. *Cf. Knehans v. Alexander, supra,* 184 U.S.App.D.C. at 423 n. 6, 566 F.2d at 315 n. 6 (STAB Boards are a creature of regulation, not statute). However, if the plaintiff were subject to discrimination because of his non-promotions by statutory boards, any claim under section 3303(c) should first be brought to the attention of the ABCMR.